The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA MILKOVICH and DAN NGUYEN<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 2:18-cv-01658-BJR<br><br>**ORDER GRANTING MOTION TO DISMISS** |

## I.   INTRODUCTION

Plaintiffs Lisa Milkovich and Dan Nguyen ("Plaintiffs") initiated this action on November 15, 2018, alleging that they are entitled to a tax refund in the amount of $18,817 for the 2011 tax year. The United States of America ("the United States") moves to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted. Dkt. No. 10. Plaintiffs oppose the motion. Having reviewed the motion, the opposition thereto, the record of this case, and the relevant legal authorities, the Court will grant the motion to dismiss. The reasoning for the Court's decision follows.

## II.     BACKGROUND[1]

Plaintiffs purchased a personal residence ("the property") in February 2005 in Renton, Washington, for $744,425. Dkt. No. 1 ¶¶ 3.2-3.3. Plaintiffs' monthly payments were approximately $3,700. *Id*. at ¶ 3.6. Plaintiffs were unable to maintain their monthly payments and stopped making them in February 2009. *Id*. at ¶¶ 3.7-3.8. Thereafter, on January 25, 2010, Plaintiffs jointly filed for relief under Chapter 7 of the bankruptcy code. ¶ 3.14. The Chapter 7 trustee abandoned the property due to lack of equity in March 2010, and Plaintiffs received their Chapter 7 bankruptcy discharge in April 2010. ¶¶ 3.15-3.16. Plaintiffs concede that because they received a bankruptcy discharge, their mortgage debt on the property was "nonrecourse," meaning that they were not personally liable for it. ¶ 3.17, Dkt. No. 12 at 1.

The property was sold through a short sale in July 2011.  Dkt. No. 1 at ¶ 3.8. At the time of the sale, unpaid interest amounting to $114,688 had accrued on the mortgage. *Id*. ¶ 3.11. The mortgage holder, CitiMortgage, received $522,015 from the sale. The amount of the mortgage at the time was $744, 992.95. CitiMortgage allocated the money to satisfy the $114,688 in accrued unpaid interest first. ¶¶ 3.9-3.10. Thereafter, CitiMortgage issued to Plaintiffs a Form 1098-MIS for 2011, which stated that it received $114,688 in mortgage interest. Dkt. No. 12 at 5.

Plaintiffs deducted the $114,688 mortgage interest from their 2011 taxes, which they claim should have resulted in a $18,817 tax refund to them for that tax year. The IRS issued a notice of deficiency proposing disallowance of the $144,688 interest deduction plus penalties and interest. Dkt. No. 1 ¶ 3.18. The parties have been unable to resolve their dispute, so Plaintiffs initiated this lawsuit seeking a refund of $18,817.

---

[1] The factual allegations in this section are drawn from Plaintiffs' complaint [dkt. no. 1] and are assumed true for purposes of this motion.

### III. STANDARD OF REVIEW

Dismissal under Federal Rule of Civil Procedure 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009) (citation and quotation omitted).

Here, the parties do not have material differences when it comes to the facts as alleged in the complaint. Instead, the parties' dispute centers on statutory interpretation of the meaning of the term "indebtedness" as it is used in 26 U.S.C. § 163(a).[2] Thus, it is appropriate for the Court to resolve this dispute as a matter of law.

### IV. ANALYSIS

"[A]n income tax deduction is a matter of legislative grace and . . . the burden of clearly showing the right to the claimed deduction is on the taxpayer." *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992) (internal quotation marks omitted). Furthermore, "deductions are strictly construed and allowed only as there is a clear provision therefor." *Id*. (same). This lawsuit involves whether Plaintiffs are entitled to deduct from their 2011 income taxes mortgage interest that was paid on property after they were discharged through bankruptcy from any liability for the

---

[2] The United States raises two other bases for deny the interest deduction. It contends that Plaintiffs cannot satisfy the word "paid" in 26 U.S.C. § 163(a), nor can they satisfy the meaning of the words "income … wholly exempt from the taxes imposed by this subtitle" in 26 U.S.C. § 265. Because this Court concludes that the Ninth Circuit's holding in *Franklin* forecloses Plaintiffs' claim to the interest deduction, the Court will not address these arguments.

debt on said property and where the outstanding mortgage amount exceed the fair market value of the property. For the reasons set forth below, the answer is no.

The Internal Revenue Code ("the Code") provides that "all interest paid or accrued within the taxable year on indebtedness" will be allowed as a deduction. *Bergstrom v. United States*, 37 Fed. Cl. 164, 169 (1996) (quoting I.R.C. § 163(a)). In fact, interest deductions are generally allowed, even when the debt does not subject the taxpayer to personal liability, *i.e.* nonrecourse debt. *Id*. However, there is an exception to this general rule when the nonrecourse liability (here, the mortgage) exceeds a reasonable estimate of the fair market value of the indebted property. In such a case, an interest deduction is not allowed. *Estate of Franklin v. Commissioner*, 544 F.2d 1045, 1048-49 (9th Cir. 1976). In *Franklin*, the Ninth Circuit reasoned that if nonrecourse liability exceeds a reasonable estimate of fair market value, then the absence of personal liability may "reduce the transaction in economic terms to a mere chance that a genuine debt obligation may arise." *Id*. at 1049. In other words, the Ninth Circuit held, the transaction lacks "economic substance" and interest deductions cannot be allowed on such a transaction, noting that interest deductions can exist only where the "purchase money debt secured by the mortgage on the acquired property does not deprive the debt of its character as a bona fide debt obligation." *Id*. (citing *Manuel D. Mayerson v. Commissioner*, 47 T.C. 340, 352 (1966)). Ultimately, "[f]or debt to exist, the purchaser, in the absence of personal liability, must confront a situation in which it is presently reasonable from an economic point of view for him to make a capital investment in the amount of the unpaid purchase price." *Id*. (citing *Mayerson*, 47 T.C. at 352).

This case falls squarely within the exception set forth by the *Franklin* Court. Plaintiffs concede that their mortgage debt on the property was discharged through bankruptcy thus making it a "nonrecourse debt." Dkt. No. 12 at 1. Nor do the Plaintiffs challenge that the fair market value of the property at the time of the short sale was far below the outstanding mortgage debt and, therefore, it was not "reasonable from an economic point of view" for Plaintiffs to satisfy the

4

mortgage debt themselves. Thus, because the transaction lacked "economic substance", Plaintiffs are not permitted to take a § 163 deduction on payments made to satisfy the interest on that nonexistence debt. *See also Hildebrand v. Commissioner*, 967 F.2d 350, 353 (9th Cir. 1992) (denying the deduction of interest for debt that was nonrecourse and that lacked economic substance); *Odend'hal v. Commissioner*, 748 F.2d 908, 912 (4th Cir. 1984) (stating that where the fair market value of the property is less than that financed by a nonrecourse loan, interest paid on the loan is not allowable as an interest deduction); *Bergstrom*, 37 Fed. Cl. at 170 (noting that, with the exception of the Third Circuit, circuit courts "dealing with the tax treatment of nonrecourse liability in excess of fair market value have followed *Estate of Franklin*").

Plaintiffs raise two arguments in support of their claim for the deduction. Neither is persuasive. First, Plaintiffs seem to suggest that because CitiMortgage reported $114,688 in interest on the Form 1098-MIS it issued to them, they necessarily are entitled to deduct the interest from their income. However, Plaintiffs cite to no case law that suggests that the IRS is bound by a third party's Form 1098-MIS. Indeed, legal authorities suggest otherwise. *See e.g. Strugala v. Flagstar Bank*, 2017 WL 3838439 at *2 (S.D. Cal. Oct. 20, 2017) (taxpayer lacked standing to sue a bank for issuing an incorrect Form 1098-MIS because taxpayer could report the correct amount of interest on her return).

Second, Plaintiffs argue that the *Franklin* Court's holding is limited to situations involving tax-shelters. This Court disagrees. The *Franklin* Court disallowed the interest deduction in the case before it because the transaction in question had no economic substance beyond the creation of tax benefits. In other words, the taxpayers were not entitled to deduct interest on a transaction as to which they had no bona fide debt obligation. The same reasoning applies to the instant case. Here, Plaintiffs are attempting to get a large tax benefit for interest payments they themselves did not make on a transaction where they had no bona fide debt obligation and no incentive to

5

reassume that debt obligation. Thus, the Ninth Circuit's reasoning for disallowing the interest deduction in *Franklin* applies equally to the case at hand.

### V.   CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS the United States' motion to dismiss the complaint pursuant to Federal Rule 12(b)(6) for failure to state a claim on which relief can be granted. This matter is HEREBY DISMISSED.

Dated this 17th day, May 2019.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge